UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>            Plaintiff,<br>    v.<br><br>WM. MICHAEL STEMLER, INC.; JOHN MUIR HEALTH; and DOES 1 through 10, INCLUSIVE,<br><br>            Defendants. | Case No.: 13-CV-00655-LHK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT DELTA HEALTH'S MOTION TO DISMISS |

Plaintiff Community Hospital of the Monterey Peninsula ("the Hospital") filed this action against Defendants John Muir Health and Wm. Michael Stemler, Inc., d.b.a. Delta Health Systems ("Delta Health"), who administer a health benefit plan, under state law in state court seeking damages and an injunction in connection with Defendants' alleged failure to pay for medical coverage for one of the plan's beneficiaries who was a patient at the Hospital. Defendants removed this action to federal court, claiming that the Employee Retirement Income Security Act ("ERISA") completely preempted the Hospital's claim. Before the Court are Plaintiff's Motion to Remand and Defendant Delta Health's Motion to Dismiss. The Court finds that these motions are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and therefore

1

Case No.: 13-CV-00655-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT DELTA HEALTH'S MOTION TO DISMISS

VACATES the hearing set for October 10, 2013, at 1:30 p.m. For the reasons explained below, the Court GRANTS the Motion to Remand and DENIES as moot the Motion to Dismiss.

## I. BACKGROUND

In March 2009, the Hospital provided medical and surgical services to a patient after confirming the patient's medical coverage with Defendant Muir Health, a self-insured health benefit plan administered by Defendant Delta Health. ECF No. 1-1 ¶¶ 5–10. Prior to performing the surgery and providing the subsequent hospitalization, the Hospital twice verified with Delta Health that the patient was covered. *Id.* ¶¶ 8, 10. When the Hospital submitted a $96,086 bill for the medical treatment, however, Delta Health refused to pay. *Id.* ¶¶ 11–14, 17

Defendants concede that they did not pay for the medical treatment. Defendants contend that the patient had not paid his premium by March 1, 2009, and was therefore in arrears. *See* ECF No. 13 ¶ 5. However, because the plan's participants have a 30-day grace period, the patient's benefits had not been terminated at the beginning of March 2009. *Id.* On March 30, 2009, the patient's wife, the primary plan beneficiary, paid her premium for March, but did so only for herself — not the patient. *Id.* ¶ 6. Accordingly, after confirming with the patient's wife that she intended to terminate the patient's coverage effective March 1, 2009, Defendant Delta Health retroactively terminated the patient's coverage as of that date. *Id.*

The Hospital brought this action in state court on the basis of state law seeking payment of the bill and injunctive relief pursuant to California unfair competition law and common law. *See* ECF No. 1-1. The Hospital contends that Defendants' failure to pay was unlawful under California law because Defendants had confirmed that the patient was covered. *Id.* ¶¶ 26–28. Delta Health removed the action to federal court. ECF No. 1. According to Delta Health, the Hospital's state law claims are completely preempted by ERISA. *Id.* ¶ 5. Upon removal, the Hospital filed a timely Motion to Remand. ECF No. 10. Defendant Delta Health filed an opposition, and the Hospital filed a reply. ECF Nos. 12, 16. Delta Health subsequently filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. The Hospital filed an opposition. ECF No. 21. Defendant Delta Health did not file a reply.

## II.     LEGAL STANDARD

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The Court strictly construes the removal statute against removal jurisdiction, and there is a "strong presumption" against removal. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). In general, under the "well-pleaded complaint" rule, courts look to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. *See Marin General*, 581 F.3d at 944. If a complaint contains only state law causes of action, there is generally no federal question jurisdiction even where there is a federal defense to the state law cause of action. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

However, there is an exception to the well-pleaded complaint rule for state law causes of action that are "completely preempted" by ERISA. *See id.* at 208; *see also Marin Gen. Hosp.,* 581 F.3d at 944. "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). The Supreme Court has found state law claims displaced by the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a), to be completely preempted. *Id.* at 66. In relevant part, section 502(a) allows "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan" and allows:

> a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. §§ 1132(a)(1), 1132(a)(3).

The Supreme Court has created a two-part test to determine whether state law claims are completely preempted by ERISA. "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [his] claim under ERISA § 502(a)[],' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'"

3

Case No.: 13-CV-00655-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT DELTA HEALTH'S MOTION TO DISMISS

*Marin Gen. Hosp.,* 581 F.3d at 946 (quoting *Davila,* 542 U.S. at 210). The defendant must show both prongs to invoke federal jurisdiction. *Id.* at 947.

### III.   DISCUSSION

The Court finds that Defendants cannot meet the first prong — that the Hospital could have brought its claim under section 502(a) — because ERISA only permits suits brought by an ERISA plan's participants, beneficiaries, fiduciaries, or assignees of these individuals — not other third parties. Because the Hospital here is such a third party, the Hospital could not have brought suit in federal court under ERISA. Accordingly, the Hospital's claims are not completely preempted, and the matter must be remanded to state court.

 "Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Davila*, 542 U.S. at 208 (internal quotations and alterations omitted). Accordingly, the Act established federal causes of action for those parties ERISA sought to protect. *See* 29 U.S.C. § 1132(a). These parties are an ERISA plan's participants, beneficiaries, and fiduciaries — not other third parties. *See* i*d.*

The Ninth Circuit, applying this limitation on who may bring suit under ERISA, found a lack of federal subject-matter jurisdiction in a case factually indistinguishable from the instant matter. *See The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995). In *The Meadows,* the Ninth Circuit found that there was no ERISA preemption where a third party sued "an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages." *Id.* (emphases omitted). In that case, a substance abuse treatment facility filed several state law claims against an insurance plan that refused to pay bills for treatment despite prior representations of a patient's coverage. *Id.* at 1007–08. The Ninth Circuit held that these independent third-party claims for damages were not completely preempted. *See id.* at 1008. Under the ruling in *The Meadows*, the Hospital in the instant case could not have brought a

4

Case No.: 13-CV-00655-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT DELTA HEALTH'S MOTION TO DISMISS

1   section 502(a) action. The Hospital in the instant case is not a plan participant, beneficiary, or
2   fiduciary, and thus cannot sue under ERISA.
3         Defendants rely on *Misic v. Building Service Employees Health and Welfare Trust,* 789
4   F.2d 1374 (9th Cir. 1986) (per curiam), and *California Pacific Medical Center v. Concentra*
5   *Preferred Systems, Inc.*, 2004 WL 2331876 (N.D. Cal. Oct. 15, 2004), to contend that the Hospital
6   in the instant case could have brought suit under ERISA and that there is complete preemption
7   here. *See* ECF No. 12 at 5; ECF No. 19 at 5 n.2. Neither of these cases addresses the issue of
8   removal. Further, in both of these cases patients *assigned* their rights under an ERISA plan to a
9   health care provider, who then sued the plan. *Misic*, 789 F.2d at 1376; *California Pacific*, 2004
10  WL 2331876 at *5. The Ninth Circuit in *The Meadows* explicitly distinguished the treatment of
11  assignees in *Misic* from third parties who were not suing pursuant to an assignment of rights under
12  an ERISA plan. *The Meadows*, 47 F.3d at 1008 ("The question before us, however, is whether
13  ERISA preempts claims by a third-party who sues an ERISA plan not as an assignee of a purported
14  ERISA beneficiary, but as an independent entity claiming damages. We hold that ERISA does
15  not.") (emphases omitted).
16        As in *The Meadows*, no party contends that the patient assigned to the Hospital in the
17  instant case any of the patient's rights under the plan. To the contrary, Defendants concede that the
18  patient had no rights under the plan to assign. *See* ECF No. 12 at 2–3. The Hospital's claims rest
19  not on rights as a beneficiary or as a beneficiary's assignee, but rather on the independent damage
20  the Hospital allegedly suffered because of Delta Health's representation that the patient was
21  eligible for coverage. *See* ECF No. 1-1 ¶ 21–26; ECF No. 10 at 3; *see also Marin Gen. Hosp.*, 581
22  F.3d at 948 (requiring remand when plaintiff is "suing in its own right pursuant to an independent
23  obligation" rather than suing "based on any assignment from the patient of his rights under his
24  ERISA plan pursuant to § 502(a)(1)(B)"). Accordingly, Plaintiff could not have brought this action
25  under section 502(a), and therefore, the first prong of the complete preemption test is not satisfied.
26  The Court must therefore remand.[1]

---

[1] Defendants' contention that application of state law would conflict with ERISA is inapposite. ECF No. 12 at 6–7. Conflict preemption may serve as a defense in state court, but it is insufficient

5

Case No.: 13-CV-00655-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT DELTA HEALTH'S MOTION TO DISMISS

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. Because the Court lacks jurisdiction in this matter, the Court may not consider the merits of Defendant Delta Health's Motion to Dismiss. Accordingly, the Motion to Dismiss is DENIED as moot. The Court orders the matter remanded to the California Superior Court for the County of Monterey. All pending hearing dates are vacated, and all pending motions are terminated.

**IT IS SO ORDERED.**

Dated: September 23, 2013

_____
LUCY H. KOH
United States District Judge

---

to provide a federal court with removal jurisdiction. "The general rule is that a defense of federal preemption of a state-law claim, even conflict preemption under § 514(a) of ERISA, is an insufficient basis for original federal question jurisdiction under § 1331(a) and removal jurisdiction under § 1441(a)." *Marin Gen. Hosp.*, 581 F.3d at 945.